**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| LORI L. DONAHOE, et al. | : | Case No. 1:20-cv-00240 |
| | : | |
| Plaintiffs | : | Judge Matthew W. McFarland |
| v. | : | |
| | : | **PROTECTIVE ORDER** |
| WAL-MART STORES INC. | : | |
| | : | |
| Defendant. | : | |

Plaintiff, Lori Donahoe, and Defendant, Wal-Mart, Inc., by and through counsel, hereby stipulate and agree to the following Protective Order to be entered in this case pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**1.     CONFIDENTIAL INFORMATION**

This Order shall apply to all documents, materials, things, or information produced during the course of this action, including depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at depositions, trial or in hearings, matters in evidence, and any other information that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL."

For purposes of this Order, "CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a hearing, information revealed in an interrogatory answer, or otherwise produced during discovery that is in good faith designated as such by the producing party, and that, as claimed by the producing party, constitutes confidential personal, business, legal, regulatory,

financial, confidential research, or development information, or confidential policies or procedures, business plans, commercially sensitive information, personal information, trade secrets or other non-public information within the meaning of Federal Civil Rule 26(C), the dissemination of which generally is protected by the designating party in the normal course of business. "CONFIDENTIAL" information shall include any copies, excerpts, summaries, abstracts, or other documents that contain "CONFIDENTIAL" information. Any party may challenge the designation of any document as "CONFIDENTIAL," as provided herein.

2. **INADVERTENT FAILURE TO DESIGNATE**

Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. Upon receipt of the supplemental written notice, the terms of this Protective Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

3. **INADVERTENT PRODUCTION**

The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the receiving party is notified within 10 days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall not use the information in the document for any purpose absent further order of the Court. If the receiving party disagrees that the document is privileged or has been produced inadvertently, it shall file the appropriate motion within 14 days

of receipt of the written request from the inadvertently producing party.  The burden of proof of privilege and inadvertence shall be on the producing party.

**4.    PERMITTED DISCLOSURE**

    a.    Any information that is designated as "CONFIDENTIAL" by the party or person producing it shall not be disclosed to any person other than the following:

        i.    The parties and counsel for the parties;

        ii.    The Court and appropriate court personnel;

        iii.    Members of the legal, paralegal, secretarial, or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

        iv.    Outside experts or consultants for the parties as permitted herein;

        v.    Court reporters during depositions in which confidential material is marked; and

        vi.    Deponents during depositions in which such material is marked.

    b.    Disclosure to those persons listed in paragraph 4(a)(iv) may not be made until the person to whom disclosure is to be made is given a copy of this Order and signs a copy of the Confidentiality Agreement.

Any recipient of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of Confidential Information in order to ensure that its confidential nature is maintained. The provisions of this paragraph 4 shall survive final termination of this action.

**5.    FILING WITH COURT**

In the event any party wishes to file under seal with the Court documents that contain or reflect "CONFIDENTIAL" information, such materials shall be filed with the Court under this paragraph, only after first seeking permission of undersigned Judge.  If permission is granted, the

documents shall be placed in a sealed envelope endorsed with the title of this action, the words "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and a statement containing substantially the following information:

> This envelope (container) is sealed because it contains CONFIDENTIAL information filed in this case by [INSERT THE NAME OF THE PARTY OR PERSON FILING SUCH CONFIDENTIAL INFORMATION], and is not to be opened or the contents thereof displayed or revealed except by order of the Court.

In the event any party wishes to file under seal with the Court documents that contain or reflect "CONFIDENTIAL" information, the party will comply with the Federal Rules of Civil Procedure and local rules of undersigned Judge by seeking permission of the Court to file documents under seal. See *Shane Group, Inc. vs. Blue Cross Blue Shield of MI*, 825 F.3d 299 (2016). Such rules shall supersede any conflicting statement in this agreement.

6. **DEPOSITIONS**

A party may designate any portion of a deposition containing "CONFIDENTIAL" Information (as defined above) as "CONFIDENTIAL" by so stating on the record at the time testimony is given.

7. **TESTIMONY AT HEARINGS OR TRIAL**

In the event any party wishes to place under seal the transcript or portions thereof of testimony containing "CONFIDENTIAL" information provided before the Court at a hearing or at trial, the Court shall be given the opportunity to determine upon motion by the party seeking to place the testimony or portions thereof under seal whether good cause exists to seal the record in accordance with Federal Civil Rule 26(C).

**8.    USE FOR THIS ACTION**

Any person receiving information designated "CONFIDENTIAL" pursuant to discovery in this matter shall make no use of such information, directly or indirectly, except for the purposes of presenting claims or defenses in this action and may not use this information in any other case or dispute nor for any private business or commercial purpose whatsoever.

**9.    NO WAIVER OF OBJECTIONS**

Nothing contained in this Order (a) shall be construed as a waiver by a party or person of its right to object to the subject matter of any discovery request, or as an agreement by any party or person to produce documents, supply information or permit entry upon land under Rule 34 of the Federal Rules of Civil Procedure; (b) shall constitute an admission that any evidence exists or that evidence that may exist is relevant in any way to the issues; (c) shall be construed as a waiver of any privilege; or (d) shall be construed as an admission by the receiving party that produced information is entitled to the designation of "CONFIDENTIAL."  No party shall be obligated to challenge immediately the propriety of a "CONFIDENTIAL" designation and the failure to do so shall not preclude a later challenge to the propriety of such designation.

**10.    AFTER TERMINATION OF ACTION**

After final termination of this action, including appeals or expiration of the time in which to appeal, each counsel of record, upon written request made within 60 days of the date of final termination, shall within 60 days of such request (a) destroy and certify in writing as to the destruction of, or (b) assemble and return to the counsel of record, all material in their possession and control embodying information designated "CONFIDENTIAL," including all copies thereof. To the extent that any information has been filed under seal with the Court, pursuant hereto, such

documents may be retrieved from the clerk's office by the party seeking to maintain the confidentiality of such documents within 60 days of said final termination.

**11.    CHALLENGE TO CONFIDENTIALITY DESIGNATION**

No party to the Action shall be deemed, by treating information as confidential, to have conceded that the information actually is confidential.  Nothing in this Order shall operate to prejudice the rights of access to or use of information designated as "CONFIDENTIAL," nor shall it prejudice or impair the right of a party to challenge the propriety of the designation as to certain information, or the procedure for handling same.

The party producing the "CONFIDENTIAL" information or documents shall have the burden of proving that the information or documents so produced are protected in accordance with Federal Civil Rule 26(C) and the standards adopted by the federal courts.

**12.    NON-PARTY CONFIDENTIALITY**

In the event that any non-party is called upon to produce information in this action that the non-party reasonably believes constitutes or would disclose "CONFIDENTIAL" information, the non-party may elect to become a party to the terms of this Protective Order for the purpose of protecting such information by serving a written notice of its election on counsel for each party. After service of such a notice of election, this Order will be binding on and inure to the benefit of such non-party.

**13.    FURTHER RELIEF**

Nothing in this Order shall preclude any party or any other interested person from petitioning the Court for different protection with respect to any information as that party considers

necessary and appropriate, including applying for an order modifying this Order in any respect, or preclude the Court from altering this Order upon subsequent review.

A breach of the terms of this Order shall entitle the non-breaching party(ies) to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

**IT IS SO ORDERED.**

_____Karen L. Litkovitz_____
Hon. Judge

__8/13/2020_____
Date

Have seen and agreed:

**REMINGER CO., L.P.A.**

/s/Carrie M. Starts_____
Carrie M. Starts (0083922)
525 Vine St., Suite 1500
Cincinnati, OH 45202
Tel: (513)721-1311; Fax: (513) 721-2553
Email: cstarts@reminger.com
***Counsel for Defendant Wal-Mart Stores Inc.***

/s/ Justin Blume (per authority 7/17/20_____
Justin Blume
The Blume Law Firm, LLC
9050 Ohio River Road
Wheelersburg, Ohio 45694
***Attorney for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      A copy of the foregoing was mailed by regular U.S. mail and/or e-mail this 13th day of August, 2020:

Justin Blume
The Blume Law Firm, LLC
9050 Ohio River Road
Wheelersburg, Ohio 45694
*Attorney for Plaintiffs*

                                              /s/ Carrie M. Starts
                                              Carrie M. Starts, Esq. (0083922)